UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| SUNIL WADHWA and LYNN LORI WADHWA, | NO. 2:10-cv-03361 WBS DAD |
| Plaintiffs, | ORDER RE: MOTION TO REMAND |
| v. | |
| AURORA LOAN SERVICES, LLC, <u>a subsidiary of</u> AURORA BANK, FSB; GREENPOINT MORTGAGE FUNDING, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; MARIN CONVEYANCING CORPORATION; and DOES 1-10, inclusive, | |
| Defendants. | |

----oo0oo----

On October 18, 2010, Aurora Loan Services, LLC ("Aurora"), purchased the home of Sunil and Lynn Lori Wadhwa at 3055 Orbetello Way in El Dorado Hills, California, at a trustee's sale. (Notice of Removal Ex. 1 ¶¶ 2, 4 (Docket No. 4).) When the Wadhwas failed to vacate the home, Aurora filed an unlawful detainer action in El Dorado County Superior Court on November 3,

1

2010 ("Unlawful Detainer Action").  (Id. ¶¶ 6-7.)  On December 17, 2010, the Wadhwas filed an action against Aurora and other parties in this court, alleging violations of state and federal law related to their loan and foreclosure ("Federal Action").  (Docket No. 2.)  At the same time, the Wadhwas filed a Notice of Removal of the Unlawful Detainer Action, improperly captioning and noticing it as part of the Federal Action.  (Docket No. 4.)  Aurora now moves to remand the Unlawful Detainer Action on the ground that this court does not have subject matter jurisdiction.  (Docket No. 8.)

A defendant may remove an action filed in state court to federal court if the federal court would have original subject matter jurisdiction over the action.  28 U.S.C. § 1441.  Federal courts have original subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, as well as actions in which there is complete diversity between the parties.  28 U.S.C. § 1332.  "The [removing party] bears the burden of establishing that removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009).  "The removal statute is strictly construed against removal jurisdiction," id., and removal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1106 (9th Cir. 2010) (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)) (internal quotation marks omitted).  To determine whether federal question jurisdiction exists, the court looks to the underlying complaint.

2

1  Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S.
2  826, 830 (2002).  The court does not consider any answers,
3  defenses, or counterclaims.  Id. at 831.
4         The Unlawful Detainer Action was removed from state
5  court by the Wadhwas on the ground that the Wadhwas had filed the
6  Federal Action in federal court.  The Wadhwas' apparent attempt
7  to create subject matter jurisdiction by filing the Notice of
8  Removal for the Unlawful Detainer Action within their Federal
9  Action was completely improper.  The two actions are distinct,
10 and the Wadhwas should have removed the Unlawful Detainer Action,
11 if at all, by filing it independently.  A party cannot remove one
12 action into a another preexisting action.
13        Even if the Unlawful Detainer Action had been properly
14 filed, this court would not have subject matter jurisdiction over
15 it.  The Unlawful Detainer Action does not raise a federal
16 question.  The complaint pleads an exclusively state law cause of
17 action, seeks exclusively state law remedies, and makes no
18 mention of federal law.  The Wadhwas do not allege that this
19 court has jurisdiction on the basis of diversity.
20        IT IS THEREFORE ORDERED that Aurora's motion to remand
21 its unlawful detainer action (Docket No. 4) be, and the same
22 hereby is, GRANTED, and that action is hereby REMANDED to the
23 Superior Court of the State of California, in and for the County
24 ///
25 ///
26 ///
27 ///
28 ///

of El Dorado.  The Complaint (Docket No. 2) which originally iniated this action is unaffected by this Order.

DATED:   January 27, 2011

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4