UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| SUNIL WADHWA and LYNN LORI WADHWA,<br><br>        Plaintiffs,<br><br>   v.<br><br>AURORA LOAN SERVICES, LLC, <u>a subsidiary of</u> AURORA BANK, FSB; GREENPOINT MORTGAGE FUNDING, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; MARIN CONVEYANCING CORPORATION; and DOES 1-10, inclusive,<br><br>        Defendants.<br>_____/ | NO. CIV. 2:10-3361 WBS DAD<br><br><u>MEMORANDUM AND ORDER RE:<br>MOTION TO DISMISS</u> |

----oo0oo----

        Plaintiffs Sunil Wadhwa and Lynn Lori Wadhwa brought this action against defendants Aurora Loan Services, LLC, a subsidiary of Aurora Bank, FSB ("Aurora"), Greenpoint Mortgage Funding, Inc., Mortgage Electronic Registration Systems, Inc. ("MERS"), and Marin Conveyancing Corporation, arising out of defendants' allegedly wrongful conduct relating to a loan

1

transaction and subsequent foreclosure on plaintiffs' home. Presently before the court is Aurora and MERS' motion to dismiss plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  Plaintiffs have filed no opposition to the motion.

I.   Factual and Procedural Background

On or about November 28, 2006, plaintiffs obtained a $734,900 loan from Greenpoint Mortgage Funding, Inc., secured by their property located at 3055 Orbetello Way in El Dorado Hills, California.  (Compl. ¶ 19, Ex. B (Docket No. 2).)  Plaintiffs defaulted on the loan, and a Notice of Default was recorded in El Dorado County on October 15, 2009.  (Id. ¶ 22, Ex. C.)  A Notice of Trustee's Sale was recorded on January 21, 2010.  (Id. ¶ 24, Ex. E.)  The property was sold to Aurora at a trustee's sale on October 18, 2010.  (Id. ¶ 25, Ex. F.)

On December 17, 2010, plaintiffs filed their Complaint in this action, alleging claims under the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639, Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617, Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1667f, and Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x, as well as claims for fraudulent misrepresentation, breach of fiduciary duties, unjust enrichment, civil conspiracy, civil violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968, quiet title, usury and fraud, and wrongful foreclosure.

II.  Discussion

On a motion to dismiss, the court must accept the

allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This "plausibility standard," however, "asks for more than a sheer possibility that a defendant has acted unlawfully," and where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility." Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 556-57) (internal quotation mark omitted).

  A. TILA, HOEPA, and RESPA Claims: Statutes of Limitations

    Plaintiffs bring several claims relating to the origination of their loan, including violations of TILA, HOEPA, and RESPA.

    The statute of limitations for a TILA damages claim is one year from the occurrence of a violation. 15 U.S.C. § 1640(e). The "limitations period in [s]ection 1640(e) runs from the date of consummation of the transaction . . . ." King v. State of Cal., 784 F.2d 910, 915 (9th Cir. 1986). Here, the alleged failure to provide plaintiffs with adequate TILA disclosures occurred at the signing of the loan in November of 2006, and plaintiffs filed the Complaint in December of 2010.

3

"[T]he doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." Id. While the applicability of the equitable tolling doctrine often depends on matters outside the pleadings, Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1206 (9th Cir. 1995), dismissal may be appropriate when a plaintiff fails to allege facts suggesting that he did not have a reasonable opportunity to discover the violation. See Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902-03 (9th Cir. 2003); Hubbard v. Fidelity Fed. Bank, 91 F.3d 75, 79 (9th Cir. 1996). Here, plaintiffs have alleged no facts to suggest that they did not have a reasonable opportunity to discover the alleged TILA violations.

Because over one year has run, plaintiffs' TILA claim for damages must be dismissed as to Aurora and MERS. HOEPA, which is an amendment to TILA, is also subject to the one-year statute of limitations, 15 U.S.C. § 1640(e), and that claim must be dismissed as well. See Hamilton v. Bank of Blue Valley, --- F. Supp. 2d ----, ----, 2010 WL 4222724, at *15 (E.D. Cal. 2010) ("HOEPA is an amendment of TILA, and therefore is governed by the same remedial scheme and statutes of limitations as TILA.") (internal quotation marks omitted).

A borrower's right to rescind a transaction under TILA expires three years after the closing date. 15 U.S.C. § 1635(f). "[Section] 1635(f) completely extinguishes the right of rescission at the end of the 3-year period," which cannot be

4

tolled. <u>Beach v. Ocwen Fed. Bank</u>, 523 U.S. 410, 412 (1998); <u>see also</u> <u>Miquel v. Country Funding Corp.</u>, 309 F.3d 1161, 1164 (9th Cir. 2002) ("[S]ection 1635(f) represents an 'absolute limitation on rescission actions' which bars any claims filed more than three years after the consummation of the transaction." (quoting <u>King</u>, 784 F.2d at 913)). Since more than three years have passed since the closing date, plaintiffs' claim for rescission under TILA must be dismissed as to Aurora and MERS.

As to plaintiffs' RESPA claim, depending on which specific provision of the statute is asserted, a RESPA claim must be made within one to three years after consummation of the loan. 12 U.S.C. § 2614. "The RESPA statute of limitations generally begins to run no later than the date of actual disclosure of actions constituting an alleged violation. Typically, in cases involving loan documents, the statute begins to run when the documents are signed unless evidence is presented to override this assumption." <u>Metcalf v. Drexel Lending Grp.</u>, No. 08-CV-00731, 2008 WL 4748134, at *3 (S.D. Cal. Oct. 29, 2008). More than four years have passed since the signing of the loan documents, and plaintiffs have not alleged any facts to support tolling. Thus, plaintiffs' RESPA cause of action is time-barred and the court will dismiss the claim as to Aurora and MERS.

B.   <u>FCRA Claim</u>

Plaintiffs allege that defendants violated the FCRA by wrongfully reporting negative information about plaintiffs to one or more credit reporting agencies. (Compl. ¶ 92.) Section 1681s-2(a) imposes duties on furnishers of information to credit reporting agencies to ensure that the information provided is

5

accurate, but here is no private right of action for violations. 15 U.S.C. § 1681s-2(d); Nelson v. Chase Manhattan Mortg. Corp., 282 F.3d 1057, 1059 (9th Cir. 2002). However, there is a private right of action for violations of § 1681s-2(b), which imposes a duty of reinvestigation on furnishers of information upon notice of a dispute regarding the information. 15 U.S.C. § 1681s-2(d); Nelson, 282 F.3d at 1059-60. To succeed on such a claim, plaintiffs must allege that they had a dispute with a credit reporting agency regarding the accuracy of an account, that the credit reporting agency notified the furnisher of the information, and that the furnisher failed to take the remedial measures outlined in the statute. 15 U.S.C. § 1681s-2(b). Plaintiffs have failed to allege any of these facts. Plaintiffs' claim for a violation of the FCRA must therefore be dismissed as to Aurora and MERS.

    C.    <u>Fraudulent Misrepresentation and Usury/Fraud Claims</u>

In California, the essential elements of a claim for fraud are "(a) a misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." In re Estate of Young, 160 Cal. App. 4th 62, 79 (4th Dist. 2008). Under the heightened pleading requirements for claims of fraud, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). A plaintiff must include the "who, what, when, where, and how" of the fraud. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted). The allegations must be "specific enough to

give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). In addition to the "time, place and content of an alleged misrepresentation," a complaint "must set forth what is false or misleading about a statement, and . . . an explanation as to why the statement or omission complained of was false or misleading." Yourish v. Cal. Amplifier, 191 F.3d 983, 993, n.10 (9th Cir. 1999) (internal quotation mark omitted).

Plaintiffs have completely failed to allege fraud with the requisite particularity. Defendants allegedly "concealed material information," failed to disclose that plaintiffs were given a "predatory loan," and failed to inform plaintiffs that the Note had been assigned. (Compl. ¶¶ 96-97.) Nothing is alleged regarding the circumstances of the fraudulent statements or omissions, what was actually false or misleading about the statements, or anything else that could assist defendants in defending against charges of fraud. Accordingly, plaintiffs' claim for fraudulent misrepresentation must be dismissed as to Aurora and MERS.

To the extent plaintiffs attempt to state a claim for "usury and fraud," the claim also fails. The elements of a claim for usury are: "(1) The transaction must be a loan or forbearance; (2) the interest to be paid must exceed the statutory maximum; (3) the loan and interest must be absolutely repayable by the borrower; and (4) the lender must have a willful intent to enter into a usurious transaction." Ghirardo v.

7

Antonioli, 8 Cal. 4th 791, 798 (1994).  Here, plaintiffs do not make any allegations about the loan's actual interest rate.  They allege that the "'formula break' . . . was exceeded by a factor in excess of 10 . . . ."  (Compl. ¶ 140.)  Plaintiffs, however, fail to sufficiently allege how the interest actually received by defendants exceeded the statutory maximum rate.  Accordingly, plaintiffs' claim for usury and fraud will be dismissed as to Aurora and MERS.

       D.    Breach of Fiduciary Duty Claim

          The elements of a breach of fiduciary duty claim are (1) existence of a fiduciary relationship; (2) breach of the fiduciary duty; and (3) damage proximately caused by that breach.  Roberts v. Lomanto, 112 Cal. App. 4th 1553, 1562 (3d Dist. 2003).  "Absent 'special circumstances' a loan transaction 'is at arms-length and there is no fiduciary relationship between the borrower and lender.'"  Rangel v. DHI Mortgage Co., No. CV F 09-1035 LJO GSA, 2009 WL 2190210, at *3 (E.D. Cal. July 21, 2009) (quoting Oaks Mgmt. Corp. v. Super. Ct., 145 Cal. App. 4th 453, 466 (4th Dist. 2006)).  Plaintiffs have not alleged that any special circumstances existed.  Since plaintiffs have not pled the existence of a fiduciary relationship, the court will grant the motion to dismiss the breach of fiduciary duty claim as to Aurora and MERS.

       E.    Unjust Enrichment Claim

          Unjust enrichment is not itself an independent claim for relief.  McKell v. Wash. Mut., Inc., 142 Cal. App. 4th 1457, 1490 (2d Dist. 2006).  The court therefore construes plaintiffs' purported claim for unjust enrichment as an attempt to plead a

8

claim for relief giving rise to a right of restitution.  A party is required to make restitution "if he or she is unjustly enriched at the expense of another.  A person is enriched if the person receives a benefit at another's expense."  <u>McBride v. Boughton</u>, 123 Cal. App. 4th 379, 389 (1st Dist. 2004) (internal citations and quotation marks omitted).  Because plaintiffs fail to adequately plead facts showing that any enrichment of defendants was unjust as to them, their claim for unjust enrichment must be dismissed as to Aurora and MERS.

     F.   <u>Civil Conspiracy Claim</u>

Civil conspiracy itself is not an independent claim for relief.  <u>Applied Equip. Corp. v. Litton Saudi Arabia Ltd.</u>, 7 Cal. 4th 503, 510-11 (1994).  Rather, civil conspiracy is a "legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration."  <u>Id.</u>

Plaintiffs fail to sufficiently plead a claim for relief for civil conspiracy.  Plaintiffs merely recite the elements of civil conspiracy: (1) the formation and operation of the conspiracy, (2) wrongful conduct in furtherance of the conspiracy, and (3) damages arising from the wrongful conduct.  <u>Kidron v. Movie Acquisition Corp.</u>, 40 Cal. App. 4th 1571, 1581 (2d Dist. 1995).  Because plaintiffs fail to allege facts sufficient to support a claim for conspiracy, their civil conspiracy claim must be dismissed as to Aurora and MERS.

     G.   <u>RICO Claim</u>

To state a claim under RICO, a plaintiff must allege the existence of a RICO enterprise, the existence of a pattern of

9

racketeering activity, a nexus between the defendant and either the pattern of racketeering activity or the RICO enterprise, and resulting injury to the plaintiff. Occupational-Urgent Care Health Sys., Inc. v. Sutro & Co., 711 F. Supp. 1016, 1021 (E.D. Cal. 1989). To allege a pattern of racketeering activity, a plaintiff must allege two or more predicate acts. Sun Sav. & Loan Ass'n v. Dierdorff, 825 F.2d 187, 193 (9th Cir. 1987). When the alleged racketeering activity sounds in fraud, as here, the complaint must "state with particularity the circumstances constituting fraud or mistake." In re Countrywide Fin. Corp. Mortg. Mktg. & Sales Prac. Lit., 601 F. Supp. 2d 1201, 1215 (S.D. Cal. 2009) (quoting Fed. R. Civ. P. 9(b)). To satisfy Rule 9(b) in this context, the plaintiff must "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." Id. (internal quotation marks omitted). Plaintiffs do not sufficiently plead the existence of a pattern of racketeering activity, nor do they sufficiently plead the existence of an enterprise under 18 U.S.C. § 1961(4). Plaintiffs' civil RICO claim will therefore be dismissed as to Aurora and MERS.

       H.   Quiet Title Claim

       The purpose of a quiet title action is to establish one's title against adverse claims to real property. A basic requirement of an action to quiet title is an allegation that plaintiffs "are the rightful owners of the property, i.e., that they have satisfied their obligations under the Deed of Trust." Kelley v. Mortg. Elec. Registration Sys., Inc., 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009). California Code of Civil Procedure

10

section 761.020 states that a claim to quiet title requires: (1) a verified complaint, (2) a description of the property, (3) the title for which a determination is sought, (4) the adverse claims to the title against which a determination is sought, (5) the date as of which the determination is sought, and (6) a prayer for the determination of the title.  Cal. Code Civ. Proc. § 761.020.  Plaintiffs allege "each of the Defendants' [sic] claim an interest in the property." (Compl. ¶ 133.)  Plaintiffs, however, fail to allege the nature of the adverse claims and fail to identify the date as of which the determination is sought.  Accordingly, plaintiffs' claim to quiet title will be dismissed as to Aurora and MERS.

I. Wrongful Foreclosure Claim

Plaintiffs claim defendants were not authorized to foreclose upon the subject property or to sell the subject property pursuant to a foreclosure sale.  (Id. ¶¶ 144-149.)  Plaintiffs allege that defendants were not entitled to foreclose upon their property because they cannot show a full chain of title.  (Id. ¶ 149.)  Plaintiffs' claim, however, is belied by the language of their Deed of Trust and California's foreclosure statutes.  (See id. Ex. B.)  California Civil Code § 2924 sets forth the requirements for conducting non-judicial foreclosure proceedings and is intended to be exhaustive.  See Moeller v. Lien, 25 Cal. App. 4th 822, 830 (2d Dist. 1994); Homestead Sav. v. Darmiento, 230 Cal. App. 3d 424, 432-33 (2d Dist. 1991).  A trustee has authority to conduct a non-judicial foreclosure proceeding.  Cal. Civ. Code § 2924(a)(1).  Furthermore, it is well-settled that California law does not require production of

11

the note as a condition to proceeding with a non-judicial foreclosure proceeding.  See id.; Arvizu v. GMAC Mortg., LLC, No. 1:10-cv-00990 OWW JLT, 2010 WL 3958666, at *5 (E.D. Cal. Oct. 8, 2010); Castaneda v. Saxon Mortg. Servs., Inc., 687 F. Supp. 2d 1191, 1201 (E.D. Cal. 2009) ("Under California law, there is no requirement for the production of the original note to initiate a non-judicial foreclosure.").  Accordingly, plaintiffs' claim for wrongful foreclosure will be dismissed as to Aurora and MERS.

           IT IS THEREFORE ORDERED that Aurora and MERS' motion to dismiss plaintiffs' Complaint be, and the same hereby is, GRANTED.

           Plaintiffs have twenty days from the date of this Order to file an amended complaint, if they can do so consistent with this Order.

DATED:   February 9, 2011

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE