UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

SUNIL WADHWA and LYNN LORI WADHWA,

        Plaintiffs,

    v.

AURORA LOAN SERVICES, LLC, <u>a subsidiary of</u> AURORA BANK, FSB; GREENPOINT MORTGAGE FUNDING, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; MARIN CONVEYANCING CORPORATION; and DOES 1-10, inclusive,

        Defendants.

_____/

NO. CIV. 2:10-3361 WBS DAD

<u>MEMORANDUM AND ORDER RE: MOTION TO DISMISS</u>

----oo0oo----

Plaintiffs Sunil Wadhwa and Lynn Lori Wadhwa brought this action against defendants Aurora Loan Services, LLC, a subsidiary of Aurora Bank, FSB ("Aurora"), Greenpoint Mortgage Funding, Inc. ("Greenpoint"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Marin Conveyancing Corporation ("Marin"), arising out of defendants' allegedly wrongful conduct

1

relating to a loan transaction and subsequent foreclosure on plaintiffs' home.  On February 9, 2011, the court dismissed plaintiffs' Complaint (Docket No. 20); plaintiffs filed a First Amended Complaint ("FAC") on March 2, 2011.  (Docket No. 23.) Presently before the court is Aurora, MERS, and Greenpoint's motion to dismiss plaintiffs' FAC for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

I.   Factual and Procedural Background

        On or about November 28, 2006, plaintiffs obtained a $734,900 loan from Greenpoint, secured by their property located at 3055 Orbetello Way in El Dorado Hills, California.  (FAC ¶ 21, Ex. B.)  A Notice of Default was recorded in El Dorado County on October 15, 2009.  (Id. ¶ 24, Ex. C.)  A Notice of Trustee's Sale was recorded on January 21, 2010.  (Id. ¶ 26, Ex. E.)  The property was sold to Aurora at a trustee's sale on October 18, 2010.  (Id. ¶ 27, Ex. F.)

        On December 17, 2010, plaintiffs filed the instant

---

        [1]   Federal Rule of Civil Procedure 4(m) provides:

        If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  Defendant Marin Conveyancing Corporation ("Marin"), named in the Complaint and First Amended Complaint, has not appeared in this case, and more than 120 days have passed since the filing of the Complaint.  At oral argument, plaintiffs' counsel stated that Marin had not been served, and agreed that the action against Marin should be dismissed without prejudice.

1   action.  Plaintiffs' FAC alleges claims under the Home Ownership

2   and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639, Real

3   Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-

4   2617, Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1667f,

5   Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x, and

6   Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18

7   U.S.C. §§ 1961-1968, as well as state law claims for fraudulent

8   misrepresentation, breach of fiduciary duties, unjust enrichment,

9   civil conspiracy, quiet title, usury and fraud, wrongful

10  foreclosure, and breach of security instrument.

11  II.  <u>Discussion</u>

12          On a motion to dismiss, the court must accept the

13  allegations in the complaint as true and draw all reasonable

14  inferences in favor of the plaintiff.  <u>Scheuer v. Rhodes</u>, 416

15  U.S. 232, 236 (1974), <u>overruled on other grounds by</u> <u>Davis v.</u>

16  <u>Scherer</u>, 468 U.S. 183 (1984); <u>Cruz v. Beto</u>, 405 U.S. 319, 322

17  (1972).  "To survive a motion to dismiss, a complaint must

18  contain sufficient factual matter, accepted as true, to 'state a

19  claim to relief that is plausible on its face.'"  <u>Ashcroft v.</u>

20  <u>Iqbal</u>, --- U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (quoting

21  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  This

22  "plausibility standard," however, "asks for more than a sheer

23  possibility that a defendant has acted unlawfully," and where a

24  complaint pleads facts that are "merely consistent with" a

25  defendant's liability, it "stops short of the line between

26  possibility and plausibility."  <u>Iqbal</u>, 129 S. Ct. at 1949

27  (quoting <u>Twombly</u>, 550 U.S. at 556-57) (internal quotation mark

28  omitted).

                                    3

1   A.   TILA, HOEPA, and RESPA Claims: Statutes of Limitations

2        As in the Complaint, the FAC includes several claims

3   relating to the origination of plaintiffs' loan, including

4   violations of TILA, HOEPA, and RESPA, that are barred by the

5   applicable statutes of limitations.  Plaintiffs allege that

6   defendants violated TILA and HOEPA by failing to make the

7   necessary disclosures upon origination of the loan.  (See FAC ¶¶

8   73-91, 97-101.)

9        A borrower's right to rescind a transaction under TILA

10  expires three years after the closing date.  15 U.S.C. § 1635(f).

11  "[Section] 1635(f) completely extinguishes the right of

12  rescission at the end of the 3-year period," which cannot be

13  tolled.  Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998); see

14  also Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th

15  Cir. 2002) ("[S]ection 1635(f) represents an 'absolute limitation

16  on rescission actions' which bars any claims filed more than

17  three years after the consummation of the transaction." (quoting

18  King v. California, 784 F.2d 910, 913 (9th Cir. 1986))).  Since

19  more than three years have passed since the loan origination,

20  plaintiffs' claim for rescission under TILA must be dismissed.

21       The statute of limitations for a TILA damages claim is

22  one year from the occurrence of a violation.  15 U.S.C. §

23  1640(e).  The "limitations period in [s]ection 1640(e) runs from

24  the date of consummation of the transaction . . . ."  King, 784

25  F.2d at 915.  HOEPA, which is an amendment to TILA, is also

26  subject to the one-year statute of limitations, 15 U.S.C. §

27  1640(e).  See Hamilton v. Bank of Blue Valley, 746 F. Supp. 2d

28  1160, 1179 (E.D. Cal. 2010) ("HOEPA is an amendment of TILA, and

4

therefore is governed by the same remedial scheme and statutes of limitations as TILA.") (internal quotation marks omitted).  Here, the alleged failure to provide plaintiffs with adequate TILA and HOEPA disclosures occurred at the signing of the loan in November of 2006, and plaintiffs filed the Complaint in December of 2010.

"[T]he doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." King, 784 F.2d at 915.  While the applicability of the equitable tolling doctrine often depends on matters outside the pleadings, Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1206 (9th Cir. 1995), dismissal may be appropriate when a plaintiff fails to allege facts suggesting that he did not have a reasonable opportunity to discover the violation.  See Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902-03 (9th Cir. 2003); Hubbard v. Fidelity Fed. Bank, 91 F.3d 75, 79 (9th Cir. 1996).

Courts have held that equitable tolling is inappropriate when nothing prevented the plaintiff from comparing the disclosures made and the disclosures required under TILA.  In Hubbard, the Ninth Circuit rejected an equitable tolling argument and explained that "nothing prevented [the plaintiff] from comparing the loan contract, [the creditor's] initial disclosures, and TILA's statutory and regulatory requirements." 91 F.3d at 79; see also Hughes v. Equity Plus Fin., No. 09cv2927, 2010 WL 2836828, at *7 (S.D. Cal. July 19, 2010) ("During the limitations period, nothing prevented Plaintiff from looking into whether [the creditor] made all of the required disclosures.");

1   <u>Curtis v. Option One Mortg. Corp.</u>, No. 109-cv-1608 AWI SMS, 2010
2   WL 599816, at *8 (E.D. Cal. Feb. 18, 2010) ("The only explanation
3   that Plaintiff provides to invoke equitable tolling is that
4   Plaintiff did not know about the TILA and did not discover the
5   violations until the loan was reviewed by a loan expert.
6   Plaintiff has not made any arguments concerning her own
7   responsibilities to seek out the necessary disclosures.").

8       In other words, failure to disclose or an improper
9   disclosure does not itself toll the statute of limitations.
10  <u>Garcia v. Wachovia Mortg. Corp.</u>, 676 F. Supp. 2d 895, 906 (C.D.
11  Cal. 2009).  As the <u>Garcia</u> court explained, "a contrary rule
12  would render the one-year statute of limitations meaningless, as
13  it would be tolled whenever there were improper disclosures."
14  <u>Id.</u>

15      Plaintiffs have offered no factual allegations to show
16  that they were unable to compare the allegedly improper
17  disclosures in the loan documents with the required disclosures
18  under TILA and HOEPA.[2]  Plaintiffs allege that they first learned
19  of defendants' failures to disclose in August of 2010 (FAC ¶¶ 91,
20  96, 101), and their opposition to the instant motion seeks
21  equitable tolling on the ground that applying the statute of

22

23          [2]    Plaintiffs argue that equitable tolling should apply
    because defendants defrauded them by foreclosing without having a
24  beneficial interest in the subject property.  (Opp'n to Mot. to
    Dismiss at 4:15-22 (Docket No. 27).)  This issue is unrelated to
25  the origination of the loan or the federally-mandated disclosures
    and could not have prevented plaintiffs from discovering TILA or
26  HOEPA violations.  <u>See</u> <u>King v. California</u>, 784 F.2d 910, 915 (9th
    Cir. 1986) (equitable tolling suspends statute of limitations
27  "until the borrower discovers or had reasonable opportunity to
    discover the fraud or nondisclosures that form the basis of the
28  TILA action").

limitations would be "harsh and unfair." (Opp'n to Mot. to Dismiss at 4:16 (Docket No. 27).)  However, plaintiffs fail to explain why they could not have learned of the violations within the statutory period or to describe any conduct of defendants' that prevented plaintiffs from discovering the alleged violations.  See Garcia v. Brockway, 526 F.3d 456, 466 (9th Cir. 2008) (en banc) ("Fairness, without more, is not sufficient justification to invoke equitable tolling . . . .").  Accordingly, the court will not toll the applicable statute of limitations.

Because over one year has run and equitable tolling does not apply, plaintiffs' TILA and HOEPA claims for damages will be dismissed.

As to plaintiffs' RESPA claim, plaintiffs allege that, "in connection with the mortgage loan to Plaintiffs, Defendants accepted charges for the rendering of real estate services which were in fact charges for other than services actually performed," (FAC ¶ 94), in violation of 12 U.S.C. § 2607.  RESPA claims brought under § 2607 must be made within one year from the date of the occurrence of the violation.  12 U.S.C. § 2614.

"The RESPA statute of limitations generally begins to run no later than the date of actual disclosure of actions constituting an alleged violation.  Typically, in cases involving loan documents, the statute begins to run when the documents are signed unless evidence is presented to override this assumption." Metcalf v. Drexel Lending Grp., No. 08-CV-00731, 2008 WL 4748134, at *3 (S.D. Cal. Oct. 29, 2008).  The "primary ill" which § 2607 of RESPA seeks to remedy is "the potential for 'unnecessarily

high settlement charges' caused by kickbacks, fee-splitting, and
other practices that suppress price competition for settlement
services.  This ill occurs, if at all, when the plaintiff pays
for the service, typically at the closing." <u>Snow v. First Am.
Title Ins. Co.</u>, 332 F.3d 356, 359-360 (5th Cir. 2003) (quoting 12
U.S.C. § 2601(a)).   More than four years have passed since the
signing of the loan documents.  While plaintiffs allege that they
did not discover the alleged violation until August of 2010 (FAC
¶ 96), they do not explain why they could not have discovered the
alleged violation at the time the documents were signed, and the
same logic that applied to TILA in <u>Garcia v. Wachovia Mortgage
Corporation</u> applies here.  676 F. Supp. 2d at 906 ("a contrary
rule would render the one-year statute of limitations
meaningless").  Thus, plaintiffs' RESPA cause of action is
time-barred and the court will dismiss the claim.

      While the court should freely give leave to amend when
justice so requires, Fed. R. Civ. P. 15(a)(2), the court may deny
leave to amend if the amendment would be futile or subject to
dismissal.  <u>Gadda v. State Bar of Cal.</u>, 511 F.3d 933, 939 (9th
Cir. 2007); <u>Saul v. United States</u>, 928 F.2d 829, 843 (9th Cir.
1991).  Plaintiffs have had two opportunities to allege facts to
support equitable tolling as well as an opportunity in their
memorandum in opposition to the instant motion to argue that they
could allege such facts if given the opportunity to amend, and
yet have failed to provide any reason why the court should toll
the applicable statutes of limitations.  Accordingly, the court
will dismiss plaintiffs' TILA, HOEPA, and RESPA claims without
leave to amend.

B.   <u>FCRA Claim</u>

Plaintiffs allege that defendants violated the FCRA by wrongfully reporting negative information about plaintiffs to one or more credit reporting agencies.  (FAC ¶ 103.)  As the court explained in its Order dismissing the Complaint, section 1681s-2(a) imposes duties on furnishers of information to credit reporting agencies to ensure that the information provided is accurate, but there is no private right of action for violations. 15 U.S.C. § 1681s-2(d); <u>Nelson v. Chase Manhattan Mortg. Corp.</u>, 282 F.3d 1057, 1059 (9th Cir. 2002).  However, there is a private right of action for violations of § 1681s-2(b), which imposes a duty of reinvestigation on furnishers of information upon notice of a dispute regarding the information.  15 U.S.C. § 1681s-2(d); <u>Nelson</u>, 282 F.3d at 1059-60.

To succeed on such a claim, plaintiffs must allege that they had a dispute with a credit reporting agency regarding the accuracy of an account, that the credit reporting agency notified the furnisher of the information, and that the furnisher failed to take the remedial measures outlined in the statute.  15 U.S.C. § 1681s-2(b).  Plaintiffs have failed to allege any of these facts despite having two opportunities to do so.  Their memorandum in opposition to the motion to dismiss, rather than suggesting that such facts could be alleged in an amended complaint, simply misstated the applicable law.  (<u>See</u> Opp'n to Mot. to Dismiss at 8:6-12.)  The court will therefore dismiss plaintiffs' claim for a violation of the FCRA without leave to amend.

C.   <u>RICO Claim</u>

9

1   　　　To state a claim under RICO, a plaintiff must allege

2   the existence of a RICO enterprise, the existence of a pattern of

3   racketeering activity, a nexus between the defendant and either

4   the pattern of racketeering activity or the RICO enterprise, and

5   a resulting injury to the plaintiff.  Occupational-Urgent Care

6   Health Sys., Inc. v. Sutro & Co., 711 F. Supp. 1016, 1021 (E.D.

7   Cal. 1989).  To allege a pattern of racketeering activity, a

8   plaintiff must allege two or more predicate acts.  Sun Sav. &

9   Loan Ass'n v. Dierdorff, 825 F.2d 187, 193 (9th Cir. 1987).  When

10  the alleged racketeering activity sounds in fraud, as here, the

11  complaint must "state with particularity the circumstances

12  constituting fraud or mistake."   In re Countrywide Fin. Corp.

13  Mortg. Mktg. & Sales Prac. Lit., 601 F. Supp. 2d 1201, 1215 (S.D.

14  Cal. 2009) (quoting Fed. R. Civ. P. 9(b)).

15  　　　To satisfy Rule 9(b) in this context, the plaintiff

16  must "state the time, place, and specific content of the false

17  representations as well as the identities of the parties to the

18  misrepresentation."  Id. (internal quotation marks omitted).  As

19  in their Complaint, plaintiffs do not sufficiently plead the

20  existence of a pattern of racketeering activity in the FAC, nor

21  do they sufficiently plead the existence of an enterprise under

22  18 U.S.C. § 1961(4).  The court made the pleading requirements of

23  a RICO claim clear to plaintiffs in its Order dismissing the

24  Complaint, (see Feb. 9, 2011, Order at 9:27-10:19 (Docket No.

25  20)), and yet plaintiffs failed to state a plausible claim to

26  relief in their FAC.  There is no indication that plaintiffs

27  could state such a claim if given leave to amend again.  The

28  court will therefore dismiss plaintiffs' civil RICO claim without

1  leave to amend.

2      D.   State Law Claims

3          Under 28 U.S.C. § 1367(c)(3), a district court may

4  decline to exercise supplemental jurisdiction over state law

5  claims if "the district court has dismissed all claims over which

6  it has original jurisdiction . . . ."[3] 28 U.S.C. § 1367(c)(3);

7  see also Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th

8  Cir. 1997) ("[A] federal district court with power to hear state

9  law claims has discretion to keep, or decline to keep, them under

10 the conditions set out in § 1367(c)."). Factors for a court to

11 consider in deciding whether to dismiss supplemental state claims

12 include judicial economy, convenience, fairness, and comity.

13 Imagineering, Inc. v. Kiewit Pac. Co., 976 F.2d 1303, 1309 (9th

14 Cir. 1992), abrogated on other grounds by Diaz v. Gates, 420 F.3d

15 897, 900 (9th Cir. 2005) (en banc). "[I]n the usual case in

16 which federal-law claims are eliminated before trial, the balance

17 of factors . . . will point toward declining to exercise

18 jurisdiction over the remaining state law claims." Reynolds v.

19 Cnty. of San Diego, 84 F.3d 1162, 1171 (9th Cir. 1996)

20 (alterations in original) (internal quotation marks omitted),

21

22      [3]  Plaintiffs' Complaint alleged only federal question
   jurisdiction. (Compl. ¶ 13 (Docket No. 2).) Plaintiffs' FAC
23 adds an allegation that "[p]ursuant to 28 U.S.C. § 1332, this
   court has jurisdiction over the citizens of the various states as
24 alleged above, and the amount in controversy exceeds $75,000
   exclusive of interest and costs." (FAC ¶ 15 (Docket No. 23).)
25 However, the FAC does not explicitly state that the court has
   diversity jurisdiction, nor does it state the diverse residence
26 of all parties. Accordingly, the court has only supplemental
   jurisdiction over the state law claims. See In re Mexico City
27 Aircrash of Oct. 31, 1979, 708 F.2d 400, 404 n.4 (9th Cir. 1983)
   ("The essential elements of diversity jurisdiction, including the
28 diverse residence of all parties, must be affirmatively alleged
   in the pleadings.").

1  overruled on other grounds by Acri, 114 F.3d at 1001.

2        Plaintiffs' case has been pending for just over four
3  months.  The court has not yet issued a Status (Pretrial
4  Scheduling) Order, and the case has yet to proceed beyond the
5  motion to dismiss stage.  As none of the parties have posed any
6  extraordinary or unusual circumstances suggesting that the court
7  should retain jurisdiction over plaintiffs' state law claims in
8  the absence of any federal claims, the court will decline to
9  exercise supplemental jurisdiction under § 1367(c)(3) over
10 plaintiffs' state law claims and will accordingly grant Aurora,
11 MERS, and Greenpoint's motion to dismiss those claims.

12       IT IS THEREFORE ORDERED that defendants Aurora, MERS,
13 and Greenpoint's motion to dismiss plaintiffs' First Amended
14 Complaint be, and the same hereby is, GRANTED.

15       IT IS FURTHER ORDERED that the action against defendant
16 Marin Conveyancing Corporation is dismissed without prejudice
17 pursuant to Federal Rule of Civil Procedure 4(m).

18       If plaintiffs wish to amend their complaint to allege
19 that this court has diversity jurisdiction over the state law
20 claims against defendants Aurora, MERS, and/or Greenpoint, they
21 may do so within twenty days from the date of this Order.
22 Otherwise, no further leave to amend will be permitted.

23 DATED:  April 26, 2011

25                    _____
26                    WILLIAM B. SHUBB
                       UNITED STATES DISTRICT JUDGE

                                 12