```
 1
 2
 3
 4
 5
 6
 7
 8                    UNITED STATES DISTRICT COURT
 9                   EASTERN DISTRICT OF CALIFORNIA
10                           ----oo0oo----
11
12  SUNIL WADHWA and LYNN LORI          NO. CIV. 2:10-3361 WBS DAD
    WADHWA,
13
              Plaintiffs,                REQUEST FOR BRIEFING
14
         v.
15
    AURORA LOAN SERVICES, LLC, a
16  subsidiary of AURORA BANK,
    FSB; GREENPOINT MORTGAGE
17  FUNDING, INC.; MORTGAGE
    ELECTRONIC REGISTRATION
18  SYSTEMS, INC.; and DOES 1-10,
    inclusive,
19
              Defendants.
20  _____/
21
                             ----oo0oo----
22
23        Plaintiffs Sunil Wadhwa and Lynn Lori Wadhwa brought
24  this action against defendants Aurora Loan Services, LLC, a
25  subsidiary of Aurora Bank, FSB ("Aurora"), Greenpoint Mortgage
26  Funding, Inc. ("Greenpoint"), and Mortgage Electronic
27  Registration Systems, Inc. ("MERS"), arising out of defendants'
28  allegedly wrongful conduct relating to a loan transaction and
```

1

subsequent foreclosure on plaintiffs' home.  The court will require plaintiffs to file a brief on the issue of whether the court has subject matter jurisdiction.

I.   Procedural Background

On February 9, 2011, the court dismissed plaintiffs' original Complaint.  (Feb. 9, 2011, Order (Docket No. 20).)  On April 26, 2011, the court dismissed the federal claims in the First Amended Complaint ("FAC" (Docket No. 23)) without leave to amend and declined to exercise supplemental jurisdiction over the state law claims.  (Apr. 26, 2011, Order (Docket No. 30).)  In that Order, the court held that plaintiffs had failed to sufficiently allege diversity jurisdiction, as the FAC did not allege the citizenship of each party.  (Id. at 11 n.3 (citing In re Mexico City Aircrash of Oct. 31, 1979, 708 F.2d 400, 404 n.4 (9th Cir. 1983) ("The essential elements of diversity jurisdiction, including the diverse residence of all parties, must be affirmatively alleged in the pleadings.")).)  The court afforded plaintiffs leave to amend their state law claims to allege diversity jurisdiction.  (Id. at 12:18-20.)

Plaintiffs then filed the Second Amended Complaint ("SAC" (Docket No. 32)), attempting to allege diversity jurisdiction.

II.  Discussion

"The federal courts are under an independent obligation to examine their own jurisdiction . . . ."  FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990).  Federal courts have original subject matter jurisdiction over actions "where the matter in controversy exceeds the sum or value of $75,000" and

2

the parties are completely diverse.  28 U.S.C. § 1332.  For purposes of diversity jurisdiction, a corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  "The general rule . . . is that 'in a suit involving a subsidiary corporation, the court looks to the state of incorporation and principal place of business of the subsidiary, and not its parent.'"  Danjaq, S.A. v. Pathe Communic'ns Corp., 979 F.2d 772, 775 (9th Cir. 1992) (quoting 1 James W. Moore et al., Moore's Federal Practice ¶ 0.77[2.-5] (2d ed. 1992)).  This general rule applies even if the subsidiary corporation defendant is wholly owned by the non-party parent corporation.  See, e.g., Schwartz v. Elec. Data Sys., Inc., 913 F.2d 279, 283 (6th Cir. 1990).

"The only recognized exception to this rule is where the subsidiary is the alter ego of the parent corporation.  Under these circumstances, courts view the formal separateness between the two corporations as merely a legal fiction."  Danjaq, S.A., 979 F.2d at 775.  Even if a subsidiary corporation is an alter ego of the parent corporation, a number of courts have narrowed the exception, allowing it only to increase, rather than decrease, the number of states in which the subsidiary corporation is a citizen.  See, e.g., Panalpina Welttransport GmBh v. Geosource, Inc., 764 F.2d 352, 354 (5th Cir. 1985) ("[T]he alter ego doctrine cannot be used to preserve diversity jurisdiction by ignoring the place of incorporation of the subsidiary and treating the subsidiary as if it were only a citizen of the state of incorporation of the dominant

3

corporation."); see also 15 James W. Moore et al., Moore's Federal Practice § 102.56[7][b] (3d ed. 2010) ("The attribution of the parent's citizenship to the subsidiary may expand, rather than supplant, the citizenship of the subsidiary.").

Here, in the SAC, plaintiffs allege that defendants Aurora and MERS are citizens of states other than California[1] and that the subject property in California is plaintiffs' "home." (SAC ¶¶ 1-3, 17.) However, plaintiffs do not allege the state of incorporation or principal place of business of defendant Greenpoint, the original lender.[2] Plaintiffs only allege that Greenpoint's parent, Capital One Financial Corporation, which is not a party to this action, is a Delaware corporation with its principal place of business in Virginia. (Id. ¶ 4.) However, the court looks to the citizenship of the subsidiary actually being sued, not the parent, for purposes of

---

[1] The Second Amended Complaint ("SAC") alleges that defendant Mortgage Electronic Registration Systems, Inc., is a Delaware corporation with its principal place of business in Virginia. (SAC ¶ 3 (Docket No. 32).) The SAC alleges that defendant Aurora Loan Services, LLC, is a subsidiary of Aurora Bank, FSB, which is a Delaware corporation with its principal place of business in Colorado. (Id. ¶ 2.); see Morgan v. Makin, No. 2:11-cv-00018, 2011 WL 1322565, at *1 (D. Nev. Apr. 4, 2011) ("An unincorporated association such as a partnership or limited liability company has the citizenship of all of its members.").

[2] The court suspects that plaintiffs omitted the citizenship of Greenpoint because they could not allege that Greenpoint is diverse. See Willis v. Greenpoint Mortg. Funding, Inc., Civil No. 09-593, 2009 WL 4730957, at *1 (S.D. Ill. Dec. 8, 2009) ("Greenpoint Mortgage Funding, Inc., is a corporation incorporated under New York law with its principal place of business in California and thus is a citizen of New York and California for diversity purposes.") (emphasis added); Naulty v. GreenPoint Mortg. Funding, Nos. C 09-1542, C 09-1545, 2009 WL 2870620, at *1 (N.D. Cal. Sept. 3, 2009) ("Defendant GreenPoint is organized under the laws of the State of California and has its principal place of business in Novato, California.") (citing complaint) (emphases added).

4

1 diversity jurisdiction.  See Danjaq, S.A., 979 F.2d at 775.
2         Based on plaintiffs' failure to allege the state of
3 incorporation and principal place of business of Greenpoint, the
4 court doubts that it has subject matter jurisdiction.
5         IT IS THEREFORE ORDERED that, within seven days of the
6 date of this Order, plaintiffs shall file a brief on the issue of
7 whether the court has subject matter jurisdiction.
8 DATED: June 16, 2011

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE