UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| SUNIL WADHWA and LYNN LORI WADHWA, | NO. CIV. 2:10-3361 WBS DAD |
| Plaintiffs, | ORDER RE: DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION |
| v. | |
| AURORA LOAN SERVICES, LLC, <u>a subsidiary of</u> AURORA BANK, FSB; GREENPOINT MORTGAGE FUNDING, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and DOES 1-10, inclusive, | |
| Defendants. | |

----oo0oo----

Plaintiffs Sunil Wadhwa and Lynn Lori Wadhwa brought this action against defendants Aurora Loan Services, LLC, a subsidiary of Aurora Bank, FSB, Greenpoint Mortgage Funding, Inc. ("Greenpoint"), and Mortgage Electronic Registration Systems, Inc., arising out of defendants' allegedly wrongful conduct relating to a loan transaction and subsequent foreclosure on

1

plaintiffs' home. The court required plaintiffs to file a brief on the issue of diversity jurisdiction when plaintiffs' Second Amended Complaint ("SAC") failed to allege the citizenship of the lender, Greenpoint, despite the court having afforded plaintiffs leave to amend specifically to allege the citizenship of each party. (See Docket Nos. 30, 32, 41.)

In their brief, plaintiffs concede that the court lacks diversity jurisdiction: "Greenpoint's principal place of business is in California, which is the same state that Plaintiffs reside. This in and of itself defeats subject matter jurisdiction for this court, as complete diversity is lacking." (Pls.' Br. at 2:9-11 (Docket No. 44).)

Then, without citation to any authority, plaintiffs go on to request that the court allow plaintiffs to dismiss Greenpoint from this action and add its parent corporation, Capital One Financial Corporation ("Capital One") as a defendant. (Id. at 3:1-6.) The stated basis for this request is plaintiffs' assertion that Greenpoint "is no longer in existence." (Id. at 2:24.) Plaintiffs conclude that Greenpoint no longer exists because Greenpoint "appears to no longer be in business," (id. 2:12-13), as the California Secretary of State's web page describes Greenpoint's status as suspended, (id. Ex. B), and an August of 2007 article on the web site http://www.thetruthaboutmortgage.com/greenpoint-mortgage-closed/ indicates that Greenpoint was "shut down today by parent Capital One Financial Corp." (Id. Ex. C.) Notably, plaintiffs do not state that Greenpoint is no longer incorporated or is incapable of being sued.

2

1           While not required by the court, defendants Aurora Loan
2  Services, LLC, a subsidiary of Aurora Bank, FSB, and Mortgage
3  Electronic Registration Systems, Inc. filed a brief stating that
4  Greenpoint "remains a going concern and proper defendant."
5  (Defs.' Br. at 2:6-7 (Docket No. 45).)  Defendants state that
6  Greenpoint has been headquartered and incorporated in New York as
7  of March of 2011 and that defendants "believe that none of the
8  defendants is either headquartered or incorporated in the State
9  of California."  (Id. at 2:7-9.)  Defendants do not address
10 Greenpoint's principal place of business or state of
11 incorporation as of December of 2010, when this action was filed.
12          "The federal courts are under an independent obligation
13 to examine their own jurisdiction . . . ."  FW/PBS, Inc. v. City
14 of Dallas, 493 U.S. 215, 231 (1990).  Federal courts have
15 original subject matter jurisdiction over actions "where the
16 matter in controversy exceeds the sum or value of $75,000" and
17 the parties are completely diverse.  28 U.S.C. § 1332.  For
18 purposes of diversity jurisdiction, a corporation is "deemed to
19 be a citizen of any State by which it has been incorporated and
20 of the State where it has its principal place of business."  28
21 U.S.C. § 1332(c)(1).
22          Here, plaintiffs concede that diversity jurisdiction is
23 lacking because Greenpoint is a citizen of California.  (Pls.'
24 Brief at 2:9-11).  Even if the court were to consider defendants'
25 statement in their brief about the citizenship of Greenpoint as
26 of March of 2011, (see Defs.' Br. at 2:7-8), defendants do not
27 address the principal place of business or state of incorporation
28 as of December of 2010, when this action was initiated.  See

Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 575 (2004) (holding that a post-filing change in citizenship cannot cure absence of diversity that existed at the time the suit was filed). Thus, the remaining issue to consider is the effect of plaintiffs' request to dismiss Greenpoint because Greenpoint "is no longer in existence."[1] (Id. at 2:24-25).

First, plaintiffs do not point to authority suggesting that a party no longer existing allows a court to dismiss the party and preserve diversity jurisdiction. Federal Rule of Civil Procedure 25 does allow substitution of parties under certain circumstances. See Fed. R. of Civ. P. 25. However, since plaintiffs have not filed a motion pursuant to Rule 25 or represented that Greenpoint transferred its interests to its parent Capital One Financial Corporation, the court does not have occasion to substitute Greenpoint pursuant to Rule 25 or to consider the effect of such a substitution on diversity jurisdiction. See id. Rule 25(c) ("If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party. The motion must be served as provided in Rule 25(a)(3).").

Second, even if the court were to entertain plaintiff's suggestion, plaintiffs have only informed the court that Greenpoint no longer conducts business and from this plaintiffs

---

[1] It is not clear whether plaintiffs mean that Greenpoint no longer existed when they sued Greenpoint or ceased to exist following the initiation of this action.

4

1  conclude that Greenpoint no longer exists; plaintiffs do not
2  state that Greenpoint is no longer incorporated or is incapable
3  of being sued.  The court declines to exercise whatever authority
4  it may have to preserve diversity jurisdiction under these
5  circumstances.
6          Plaintiffs had the opportunity to allege diversity
7  jurisdiction in the original complaint and two amended complaints
8  and still failed to allege sufficient facts to establish
9  jurisdiction.  The court also requested briefing from plaintiffs
10 following plaintiffs' complete failure to allege the citizenship
11 of Greenpoint in the most recent complaint, at which point
12 plaintiffs conceded that the court lacked diversity jurisdiction
13 and, without citation to any authority, requested dismissal of
14 Greenpoint and the addition of the parent corporation, Capital
15 One.  If plaintiffs believe they can state a viable claim against
16 Capital One is a separate action, they are of course free to do
17 so, but after multiple unsuccessful attempts to allege diversity
18 of citizenship of the parties to this action, it is clear that
19 the court lacks subject matter jurisdiction in this action.
20         IT IS THEREFORE ORDERED that this action be, and the
21 same hereby is, DISMISSED for lack of subject matter
22 jurisdiction.
23 DATED:  June 28, 2011

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE